672 So.2d 39 (1996)
R.J. REYNOLDS TOBACCO COMPANY, Philip Morris Incorporated ("Philip Morris U.S.A."), Lorillard Tobacco Company, Lorillard, Inc., the American Tobacco Company, Brown & Williamson Tobacco Corp., Liggett Group, Inc., Dosal Tobacco Corp., Council for Tobacco Research-U.S.A., Inc., and Tobacco Institute, Inc., Brooke Group, Ltd., Inc., Appellants,
v.
Howard A. ENGLE, M.D., et al., Appellees.
No. 94-2797.
District Court of Appeal of Florida, Third District.
January 31, 1996.
Rehearing Denied May 8, 1996.
As Corrected June 11, 1996.
*40 Popham Haik Schnobrich & Kaufman and R. Benjamin Reid and Douglas J. Chumbley and Paul L. Nettleton; Coll Davidson Carter Smith Salter & Barkett and Barry R. Davidson, Miami; Dechert Price & Rhodes and Robert C. Heim, Philadelphia, PA, Clarke Silverglate Williams & Montgomery and Kelly Anne Luther, Miami, for appellants.
Stanley M. Rosenblatt and Susan Rosenblatt, Miami, for appellees.
Before HUBBART, GODERICH and GREEN, JJ.
HUBBART, Judge.
This is an interlocutory appeal from a non-final trial court order certifying a plaintiff's class in a products liability action brought by certain named plaintiffs against the defendant R.J. Reynolds Tobacco Co. and a series of other tobacco companies. We have jurisdiction to entertain this appeal taken by the defendants and affirm with one modification. Art. V, Sec. 4(b)(1), Fla. Const.; Fla. R.App.P. 9.130(a)(3)(C)(vii).
The plaintiffs, and all others similarly situated, seek damages in the action below for certain diseases and medical conditions allegedly contracted by the plaintiffs due to their asserted addiction to smoking cigarettes containing nicotine produced by the defendants. The operative complaint alleges causes of action for strict liability in tort, fraud and misrepresentation, conspiracy to commit fraud and misrepresentation, breach of implied warranty of merchantability and fitness, negligence, breach of express warranty, intentional infliction of mental distress, and equitable relief. Upon motion of the plaintiffs, the trial court certified the following plaintiff's class in the order under review:
"All United States citizens and residents, and their survivors, who have suffered, presently suffer or have died from diseases and medical conditions caused by their addiction to cigarettes that contain nicotine. The class shall specifically exclude officers, directors and agents of the [d]efendants."
The defendants appeal this order. They have raised no points on appeal, however, challenging the trial court's determination that the basic prerequisites for class representation under Fla.R.Civ.P. 1.220(a) have *41 been satisfied in this casenamely, that (1) the members of a class are so numerous that a separate joinder of each member is impracticable; (2) the claim of the representative party raises questions of law or fact common to questions of law or fact raised by the claim of each member of the class; (3) the claim of the representative party is typical of the claim of each member of the class; and (4) the representative party can fairly and adequately protect and represent the interests of each member of the class.[1] Indeed, as the trial court correctly found, our recent decision in Broin v. Philip Morris Co., 641 So.2d 888 (Fla. 3d DCA 1994), rev. denied, 654 So.2d 919 (Fla.1995), involving a similar products liability class action against various tobacco companies clearly compels this result.
Instead, the central point on appeal raised by defendants is that the individual issues in this case predominate over the common issues, and, therefore, the plaintiffs have not made the requisite "predominance" showing under Fla.R.Civ.P. 1.220(b)(3) that "the questions of law or fact common to the claim or defense of the representative party and the claim or defense of each member of the class predominate over any question of law or fact affecting only individual members of the class...." We cannot agree. Although certain individual issues will have to be tried as to each class member, principally the issue of damages, the basic issues of liability common to all members of the class will clearly predominate over the individual issues. We also reject the defendant's point on appeal that the class was not adequately defined, as well as the defendant's point concerning the issue of providing notice to class members. Broin; see Friends of Chamber Music v. City & County of Denver, 696 P.2d 309, 317-18 (Colo.1985); In re Colt Indus. Shareholder Litigation, 155 A.D.2d 154, 553 N.Y.S.2d 138, 140-42 (1990), aff'd as modified, 77 N.Y.2d 185, 565 N.Y.S.2d 755, 566 N.E.2d 1160 (1991); American Express Travel Related Servs. v. Walton, 883 S.W.2d 703, 708 (Tex.Ct.App.1994).
We find merit, however, in the final point on appeal raised by the defendants namely, that the class action as certified would unduly burden Florida courts and taxpayers. We agree that the plaintiffs have not made the requisite "superiority" showing as to the certified class under Fla.R.Civ.P. 1.220(b)(3), namely, that "class representation is superior to other available methods for the fair and efficient adjudication of the controversy." The trial court in the order under review stated that the certified class is "in excess of one million addicted smokers...." Both parties agree that individual hearings will have to be held for each class member on at least the issue of damages, if not other issues as well. Without doubt, the trial judge below could not possibly preside over all these hearings within his own lifetime or that of the class members. It would necessarily require the sustained attention of all the other circuit judges in Dade County, if not the entire state, to conclude this litigationand then it would take a protracted period of time, perhaps even decades, to bring the case to a final conclusion. No doubt a tremendous number of retired judges, special masters, and general masters would have to be appointed by the court in order to complete this herculean task within a reasonable period of timeall at a staggering cost to the taxpayers of Dade County.
The courts "must ... consider in every case the effect of possible class certification on the judicial system itself." Windham v. American Brands, Inc., 565 F.2d 59, 69 (4th Cir.1977) (en banc), cert. denied, 435 U.S. 968, 98 S.Ct. 1605, 56 L.Ed.2d 58 (1978). Indeed, Fla.R.Civ.P. 1.220(b)(3) provides that in determining whether the requisite "superiority" showing has been made, the court should consider "the desirability or undesirability of concentrating the litigation in the forum where the subject action is instituted" *42 and "the difficulties likely to be encountered in the management of the claim or defense on behalf of the class." Although there is nothing inherently wrong about certifying a national class in a state court action [and, indeed, we have recently done so in Broin], where, as here, the class contains so many members from so many different states and territories that it threatens to overwhelm the resources of a state court, it is settled that such a broad-based class is totally unmanageable and cannot be certified. Walsh v. Ford Motor Co., 130 F.R.D. 260 (D.D.C.1990), appeal dismissed, 945 F.2d 1188 (D.C.Cir.1991); Osborne v. Subaru of America, Inc., 198 Cal.App.3d 646, 243 Cal.Rptr. 815 (1988); Feldman v. Bates Mfg. Co., 143 N.J.Super. 84, 362 A.2d 1177 (1976); Duvall v. TRW, Inc., 63 Ohio App.3d 271, 578 N.E.2d 556 (1991).
It does not follow, however, that the entire class action should be disallowed in this case. To the contrary, we conclude that the subject class should simply be reduced to manageable proportions, namely, that the class should be restricted to Florida citizens and residents, rather than United States citizens and residents. In our view, this restriction will drastically reduce the number of class members so that the Florida judiciary can efficiently manage the litigation without undue burden to the taxpayers. Osborne.
The non-final order under review is affirmed except insofar as the certified class is extended to "[a]ll United States citizens and residents"; such provision is hereby stricken and the following is substituted in its place: "[a]ll Florida citizens and residents." With this modification, the order appealed from is
Affirmed.
NOTES
[1] In a footnote, the defendants argue that the third and fourth prerequisites of Fla.R.Civ.P. 1.220(a) have not been met, but do not present these arguments as a separate point on appeal. It is elementary that arguments which are not made as a point on appeal, as here, but are found only in footnote in the appellant's brief, are not properly presented to the appellate court for review. See Florida Ass'n of Nurse Anesthetists v. Department of Prof. Reg., 500 So.2d 324, 327 (Fla. 1st DCA 1986), rev. denied, 509 So.2d 1117 (Fla.1987).