RAMIREZ, J.
 

 Helen Rearick, etc., appeals the trial court’s award of final summary judgment in favor of the appellees, R.J. Reynolds Tobacco Company and Philip Morris USA, Inc., and the court’s denial of her motion for relief from judgment in this wrongful death action brought on behalf of the survivors of her daughter Lana Parzyszek.
 

 The case was filed under
 
 Engle v. Liggett Group, Inc.,
 
 945 So.2d 1246 (Fla.2006).
 
 Engle
 
 defined the class as “[a]ll Florida citizens and residents, and their survivors, who have suffered, presently suffer and who have died from diseases and medical conditions caused by their addiction to cigarettes that contain nicotine.”
 
 Id.
 
 at 1274. The qualification for membership in the
 
 Engle
 
 class requires plaintiff to show that the decedent was a resident of the state of Florida at the time of a “medical diagnosis” of a smoking-related disease or at the time evidence of the causal relationship of the cause of action had [otherwise] manifested itself.
 
 Id.
 
 We affirm because there is no record evidence that Parzyszek’s disease manifested itself during her Florida residency so as to satisfy the criteria for membership into the
 
 Engle
 
 class.
 

 Parzyszek was born in Illinois in 1948. She lived in Florida from approximately late in 1987 or early 1988 until she moved to Illinois to live with her mother in approximately late 1991 or early 1992. In August of 1993, she was diagnosed in Illinois with lung cancer. She received treatment there until her death in 1993.
 

 Rearick filed the underlying wrongful death action on January 11, 2008. The defendants moved for summary judgment on the grounds that Rearick’s claim was time-barred because Parzyszek was not an
 
 Engle
 
 class member and as a result, the wrongful death action filed in 2008, fifteen years after her death, was untimely. In essence, the defendants argued that undisputed evidence showed that Parzyszek was not an
 
 Engle
 
 class member because she was not a Florida citizen or resident when she was diagnosed with lung cancer in 1993.
 

 Rearick argued that the claim was timely since it was filed within one year of the
 
 Engle
 
 mandate. Because Parzyszek suffered from a smoking-related disease while a resident of Florida, she qualified as a member of the
 
 Engle
 
 class. Rearick relied upon affidavits and deposition testimony which showed that Parzyszek exhibited smoking-related symptoms, such as breathing problems and a severe cough, and was suffering from bronchitis, a form of COPD, as well as lung cancer, both
 
 *946
 
 smoking related diseases, during the term of her Florida residency.
 

 Defendants counter that Rearick’s contention that Parzyszek first manifested the disease during her Florida residency could not prevent the entry of summary judgment because it was based on two expert affidavits that used the term “manifested” in a manner that is contrary to the legal definition of the term, which the defendants asserted, was required by
 
 Engle.
 
 Furthermore, even if Parzyszek’s disease had “manifested” itself as early as 1988, Rearick’s claim would still be time-barred by Florida’s four-year statute of limitations, section 95.11(3)(a), Florida Statutes (2011), which would have run in 1992, two years prior to the filing of the original
 
 Engle
 
 complaint.
 

 The court entered summary judgment in favor of the defendants on the ground that record evidence shows that Parzyszek’s disease did not first manifest itself during her Florida residency. The court reasoned that Parzyszek’s arguments and expert affidavits submitted in opposition to summary judgment used the term “manifestation” in a manner not in accordance with Florida law, and that, even if Parzysz-ek’s claims manifested as early as 1988, to the extent that Rearick’s claims arose more than four years prior to the filing of the
 
 Engle
 
 class action in 1994, they would be time-barred as a result of Florida’s four-year statute of limitations.
 

 Subsequently, Rearick filed a motion for relief from the final summary judgment. She asserted that newly discovered evidence in the form of the identification of a treating Florida physician, Dr. Ronald Chassner, an orthopedic surgeon, indicated that Parzyszek’s treatment with him in Florida supported Rearick’s contention that Parzyszek was an
 
 Engle
 
 class member.
 

 The court denied the motion, concluding that there was no evidence that counsel exercised due diligence in locating and speaking with Dr. Chassner, and that, in any event, Dr. Chassner’s affidavit did not provide any evidence that Parzyszek’s alleged smoking-related injury manifested while she was a resident of Florida.
 

 We conclude that Rearick’s claim is untimely, and thus Parzyszek does not qualify as an
 
 Engle
 
 class member. Parzyszek is a long-time Illinois resident who now attempts to prosecute an untimely claim with the Florida-only class of
 
 Engle.
 
 In
 
 Engle,
 
 the Florida Supreme Court required “manifestation” of a smoking-related disease or medical condition in Florida. The record before us does not reflect that Parzyszek suffered from a smoking-related disease or medical condition while she was a resident of the State of Florida, even if we include the newly-discovered testimony of Dr. Chassner. Parzyszek’s smoking-related condition would have manifested itself as early as 1987 or 1988, the time during which Parzyszek moved to Florida. Rearick filed her lawsuit in 2008. This is more than four years after the statute of limitations period for
 
 Engle
 
 class membership. Rearick’s lawsuit was thus time-barred. Therefore, we affirm.
 

 AFFIRMED.