CLARK, J.
Lewis and Iris Castleman appeal the final summary judgment against them and in favor of R. J. Reynolds Tobacco Co. The trial court found that R. J. Reynolds Tobacco Co. was entitled to judgment as a matter of law because the Castlemans did not qualify for membership in the class defined by Engle v. Liggett Group, Inc., 945 So.2d 1246 (Fla.2006),[1] and therefore did not qualify for the benefit of an extended limitations period for filing suit. For the reasons explained below, the summary judgment is affirmed.
The material facts are not in dispute. Mr. Castleman began regularly smoking cigarettes at age 19 and smoked for the next 30 years, from 1953 to 1983. He did not have symptoms of heart or lung disease when he quit smoking in 1983. In the early 1990’s Mr. Castleman began to experience shortness of breath and bouts of coughing. In 1993, he also began suffering from chest pain. Neither Mr. Castle-man nor any of his medical care providers attributed his health issues to his prior history of smoking until 1998, when Mr. Castleman underwent heart bypass surgery. In 1998, his medical care providers advised him for the first time that the symptoms he was experiencing and his heart and lung conditions were likely smoking-related.
The limitations period for products liability, fraud, and negligence actions is four years. § 95.11(3), Fla. Stat. However, the Florida Supreme Court extended the limitations cut-off date in Engle v. Liggett Group, Inc., for certain individual litigants. While the Florida Supreme Court decerti-fied the class for subsequent proceedings in Engle v. Liggett Group, it ruled that individuals fitting the class description could pursue separate actions against tobacco companies within the time limits set out in the opinion.[2] The court specified that individual litigants eligible for class benefits were those “Florida residents fitting the class description as of the trial court’s order dated November 21, 1996.” Engle, 945 So.2d at 1277 (emphasis added). In addition, the qualifying individuals were required to file their lawsuits “within one year of the mandate in this case” even if the class member’s disease or condition “manifested” itself more than four years prior to the filing of the suit. Engle, 945 So.2d at 1276. The mandate was issued on January 11, 2007. Engle v. Liggett Group, Inc., No. SC03-1856. Thus, individuals fitting the class description by the cut-off date could file suit until January 11, 2008.
The Castlemans filed this action on January 10, 2008. Accordingly, if they fit the *877 Engle class description as of November 21, 1996, their lawsuit was timely. If not, the suit was time-barred by section 95.11(3), Florida Statutes. Rearick v. R.J. Reynolds Tobacco Co., 68 So.3d 944 (Fla. 3d DCA 2011) (summary judgment for defendant affirmed where plaintiff filed suit in 2008; plaintiffs relative died 15 years pri- or to 2008; because plaintiff did not qualify for Engle class, lawsuit was time-barred).
Qualification for Engle class benefits does not require a formal diagnosis that a disease or condition was tobacco-related on or before November 21, 1996. As stated by the Court, “[t]he critical event is not when an illness was actually diagnosed by a physician, but when the disease or condition first manifested itself.” Engle, 945 So.2d at 1276; see also Frazier v. Philip Morris USA Inc., 89 So.3d 937 (Fla. 3d DCA 2012). The dis-positive issue here is thus whether Mr. Castleman’s smoking-related diseases or conditions “manifested” themselves on or before November 21, 1996, thus qualifying the Castlemans for Engle class membership.
In Frazier v. Philip Morris USA, Inc., the Third District Court of Appeal considered the meaning of “manifestation” of a smoking-related disease or condition for purposes of the limitations period for individual lawsuits. The court referred to the Engle rule that the critical date was not the date of diagnosis, but the date “the disease or condition manifested itself,” and noted that “[t]he context involved a class membership cutoff date rather than a limitations date, but Florida’s decisional law regarding so-called ‘creeping diseases’ such as asbestosis or silicosis is consistent with that formulation.” Frazier, 89 So.3d at 944. Applying the definition of “manifestation” set out in Carter v. Brown & Williamson Tobacco Corp., 778 So.2d 932 (Fla.2000), the Frazier court held that symptoms such as shortness of breath and persistent coughing did not constitute a sufficient legal basis for initiating a lawsuit against a tobacco company, but that “the ‘manifestations’ that are pertinent are symptoms or effects that actually disclose that the prospective claimant is suffering from a disease or medical condition caused by tobacco use, and which are thus sufficient to assert a cause of action against the responsible manufacturers.” Frazier, 89 So.3d at 945. The court further ruled that “[t]he issue was not whether Ms. Frazier ‘had’ the creeping, stealthy disease of COPD/emphysema ... the issue was whether she knew, or reasonably should have known, enough to permit her to commence a non-frivolous tort lawsuit against the appellees on the basis of those physical, observable, patent symptoms and effects (‘manifestations’) before that date.” Frazier, 89 So.3d at 946.
Applying the reasoning in Frazier, we conclude that because Mr. Castleman did not attribute his illnesses to his history of smoking until 1998, he was not aware of sufficient facts to permit the filing of a non-frivolous tort lawsuit against the tobacco company before 1998. It follows that his conditions had not “manifested themselves” as tobacco-related illness for purposes of Engle class membership on or before the cutoff date of November 21, 1996. Because the Castlemans did not meet the deadline to qualify for Engle class membership, their lawsuit was barred by the statute of limitations. The summary judgment for R.J. Reynolds is
AFFIRMED.
VAN NORTWICK and ROBERTS, JJ., concur.

. In Engle v. Liggett Group, Inc., 945 So.2d 1246 (Fla.2006), the Florida Supreme Court recognized a class of litigants: Florida citizens and residents and their survivors "who have suffered, presently suffer, or who have died from diseases and medical conditions caused by their addiction to cigarettes that contain nicotine.” Engle, 945 So.2d at 1256.

. Individuals fitting the Engle class description were also eligible to enjoy the benefit of res judicata on several findings of fact common to the members’ claims {“Engle Phase I findings” — see Engle v. Liggett Group, Inc., 945 So.2d at n. 4).