ORFINGER, C.J.
Annie R. Bishop (“Appellant”), as personal representative of the estate of Robert L. Ramsay (“Decedent”), appeals the trial court’s order granting summary judgment in favor of R.J. Reynolds Tobacco Company and Philip Morris USA, Inc. (collectively “Appellees”) in this Engle-progeny case. Appellant’s amended complaint alleged that as a result of smoking Appellees’ cigarettes, Decedent suffered from smoking-related medical conditions that resulted in his death. Appellees moved for summary judgment, claiming that the statute of limitations barred Appellant’s causes of action because Decedent was not an Engle class member and, as a result, was not entitled to its tolling benefit. On cross-appeal, Appellees argue that the trial court misperceived the preclusive effect that the Florida Supreme Court intended for the Engle jury findings (“Phase I findings”). We reverse the trial court’s order granting summary judgment, but decline to rule on the issue raised in the cross-appeal. We also affirm, without comment, the trial court’s discovery order challenged on appeal.

Engle and its Progeny

In 1994, a nationwide smokers’ class action lawsuit was filed against numerous cigarette companies and tobacco industry organizations (“Engle defendants”), including Appellees, for injuries allegedly caused by smoking. The class originally encompassed “[a]ll United States citizens and residents, and their survivors, who have suffered, presently suffer or have died from diseases and medical conditions caused by their addiction to cigarettes that contain nicotine.” R.J. Reynolds Tobacco Co. v. Engle, 672 So.2d 39, 40 (Fla. 3d DCA 1996) (“Engle I”). In Engle I, the Third District affirmed the trial court’s class certification, but limited it to include only Florida citizens and residents.
As directed by Engle I, on November 21, 1996, the trial court issued an amended order recertifying the more limited class (“Engle class”). The trial court then divided the trial proceedings into three phases. Phase I consisted of a trial to consider “common issues relating exclusively to the [Engle ] defendants’ conduct and the general health effects of smoking.” At the conclusion of Phase I, the jury rendered a verdict against each of the Engle defendants, making specific factual findings of wrongful conduct. In Phase II, the same jury determined that the Engle defendants’ conduct was the legal cause of inju *466 ries to the three class representatives, and awarded compensatory and punitive damages. However, before the Phase III proceedings began, the Engle defendants appealed the Phase II verdicts. In Liggett Group Inc. v. Engle, 853 So.2d 434, 440-41 (Fla. 3d DCA 2003) (“Engle II”), the Third District reversed the final judgment with instructions to decertify the class. The class representatives then appealed to the Florida Supreme Court.
In Engle v. Liggett Group, Inc., 945 So.2d 1246, 1268 (Fla.2006) (“Engle III”), the supreme court prospectively decerti-fied the class, finding class treatment was not appropriate for Phase III “because individualized issues such as legal causation, comparative fault, and damages predominate.” The court allowed all class members to proceed with individual lawsuits if filed within one year of its mandate, specifically approving and giving res judicata effect to most of the Phase I findings in the individual suits.[1] In its opinion, the court held that November 21, 1996, the date that the trial court issued its class recertification order, was the cut-off date for Engle class inclusion. Id. at 1274-75.

Present Case

Decedent was born in 1940 and lived most of his adult life in Virginia. He moved to Florida in August 1990, where he bought a home, registered his vehicle, and obtained a Florida’s driver’s license and voter registration card. In December 1991, Decedent was diagnosed with lung cancer. In May 1992, failing to respond to treatment in Florida, his doctors advised him that he had weeks to live, and told him to go wherever he wanted to spend his remaining days. Appellant took Decedent “to Virginia Beach for him to die.” Decedent died on June 14, 1992, at Virginia Beach General Hospital. Decedent’s death certificate lists a Virginia address, his funeral service was held in Virginia, and he is buried in Virginia.
As required, Appellant filed the underlying wrongful death suit within a year of Engle Ill’s mandate. Appellees moved for summary judgment on all claims, arguing that the statute of limitations barred Appellant’s suit because Decedent was not a member of the Engle class, and thus, was not entitled to Engle Ill’s tolling benefit. Appellees argued that to prove Engle class membership, Appellant had to show, inter alia, that Decedent was a Florida citizen and resident at the time of his death. However, according to Appellees, Decedent was a citizen and resident of Virginia, not Florida, at the time of his death be *467 cause he left Florida with the intention of living the remainder of his life in Virginia. Appellant disagreed, contending Decedent’s inclusion in the Engle class was supported by his Florida residency or citizenship at the time that he suffered from a smoking-related illness, irrespective of his residence at his time of death.[2]
After a hearing, the trial court granted Appellees’ motion for summary judgment, finding, in relevant part:
To be included in the Engle class, [Decedent] must have been “a Florida resident” at the time of his death in June of 1992, nineteen years ago.
[[Image here]]
[Appellant’s] opposition fails because it is legally impossible for a person to be a resident of a state to which he or she intends never to return. [Appellant] conceded clearly and unequivocally that [Decedent] left Florida in May of 1992 and never intended to return. Based on undisputed facts, the Court concludes that [Decedent] was not a resident of Florida at the time of his death. At the time of his death he was a resident of Virginia where he was born, raised and lived most of his adult life, and where he died and is buried.
The Engle class was limited to “all Florida residents” fitting the class description as of the trial court’s order dated November 21, 1996. [Decedent] died prior to November 21, 1996, and the only logical application of this requirement means that [Decedent] must have been a Florida resident at the time of his death. If [Decedent] was not a Florida resident at the time of his death in June of 1992, he logically cannot qualify as a member of the clas,s.

Analysis

This Court reviews summary judgment orders de novo, affirming only when there are no genuine issues of material fact and the moving party is entitled to summary judgment as a matter of law. See The Fla. Bar v. Greene, 926 So.2d 1195, 1200 (Fla.2006); Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000). The party moving for summary judgment has the burden to conclusively establish the non-existence of any genuine issue of material fact. City of Cocoa v. Leffler, 762 So.2d 1052, 1055 (Fla. 5th DCA 2000). Issues of fact are “genuine” only if a reasonable jury, considering the evidence presented, could find for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The evidence in the record, including any supporting affidavits, must be construed in the light most favorable to the non-moving party. If the record reflects any genuine issue of material fact, summary judgment must be reversed. Dreggors v. Wausau Ins. Co., 995 So.2d 547, 549 (Fla. 5th DCA 2008).
In Engle III, the supreme court held that the Engle class included Florida residents who have suffered, presently suffer, or who have died from diseases and medical conditions caused by their addiction to cigarettes that contain nicotine, and that the “cut-off’ date for class inclusion was November 21, 1996. In considering whether certain putative class representatives qualified as class members, the supreme court, looking to the plain language of the trial court’s revised class description, held that the “critical event [to qualify for Engle class membership] is not *468 when an illness was actually diagnosed by a physician, but when the disease or condition first manifested itself.” Engle III, 945 So.2d at 1276. We believe it necessarily follows that inclusion in the Engle class requires Florida residence or citizenship when the disease or condition first manifests itself, not at the time of death. See Rearick v. R.J. Reynolds Tobacco Co., 68 So.3d 944, 945 (Fla. 3d DCA 2011) (holding qualification for membership in Engle class requires plaintiff to show that decedent was Florida resident at time of medical diagnosis of smoking-related disease or at time evidence of causal relationship of cause of action had otherwise manifested itself).[3] Appellees argue that Rearick is distinguishable because in addition to the time of disease manifestation, Engle class membership requires Florida residency either on November 21, 1996, or at the time of his death, if that occurred first. We disagree. Engle III clearly holds that November 21, 1996, is a cut-off date for class inclusion and nothing more.
On cross-appeal, Appellees argue that the trial court misconstrued the preclusive effect that the supreme court gave to the Phase I findings. Below, Appellees filed a motion asking the trial court to determine the role of the Phase I findings, arguing that the Phase I findings approved in En-gle III did not establish the specific wrongful conduct or dangerous product that caused Decedent’s harm and Appellant could not use the Phase I findings to prove legal causation. Appellees further argue that giving the Phase I findings any res judicata effect would violate their federal due process rights. The trial court declined to rule on the merits of the matter, denying the motion. We decline to address this interlocutory ruling. Appellees will, before trial, have the opportunity to renew their motion. M.S. v. Nova Se. Univ., 881 So.2d 614, 620 (Fla. 4th DCA 2004); Grier v. Bankers Land Co., 539 So.2d 552, 553 (Fla. 4th DCA 1989).[4]
AFFIRMED in part; REVERSED in part.
LAWSON, J., and ROUSE, JR., R.K. Associate Judge, concur.

. The court gave res judicata effect to the Phase I findings to which the jury answered "yes” to the following: (1) cigarettes cause specifically enumerated diseases; (2) nicotine is addictive; (3) all of the defendants placed cigarettes on the market that were defective and unreasonably dangerous; (4) all of the defendants made a false or misleading statement of material fact with the intention of misleading smokers; (4)(a) all of the defendants concealed or omitted material information, not otherwise known or available, knowing that the material was false or misleading, or failed to disclose a material fact concerning the health effects or addictive nature of smoking cigarettes or both; (5) all of the defendants agreed to misrepresent information relating to the health effects of cigarettes or the addictive nature of cigarettes with the intention that smokers and the public would rely on this information to their detriment; (5)(a) all of the defendants agreed to conceal or omit information regarding the health effects of cigarettes or their addictive nature with the intention that smokers and the public would rely on this information to their detriment; (6) all of the defendants sold or supplied cigarettes that were defective; (7) all of the defendants sold or supplied cigarettes that at the time of the sale or supply did not conform to representations of fact made by the defendants; (8) all of the defendants were negligent.

. Appellant also contended that there was a question of material fact as to Decedent’s residence at the time of his death, precluding summary judgment, offering his Florida driver’s license, voter registration card, homestead exemption and Florida probate proceedings as evidence.

. Even if Decedent was required to be a Florida resident at the time of his death, a jury question would remain. There is no doubt Decedent was a Florida resident prior to his final departure to Virginia. He went to Virginia to die, which he did several weeks later, not to establish a new life. That falls far short of establishing new residence.

. The Florida Supreme Court is currently considering the merits of Appellees’ argument. See Philip Morris USA, Inc. v. Douglas, 83 So.3d 1002 (Fla. 2d DCA 2012), review granted, SC12-617 (Fla. May 15, 2012).