MARSTILLER, J.
A Duval County, Florida, jury awarded Michelle Mrozek (“Mrozek”) $3.9 million in compensatory damages and $11.3 million in punitive damages in her wrongful death suit against Lorillard Tobacco Company (“Lorillard”) for the death of her mother, Jacqueline Swann Miller, from lung cancer. The genesis of this litigation is a 1994 class action lawsuit against various cigarette manufacturers, including Lorillard, and tobacco industry organizations seeking damages for smoking-related illnesses and deaths. Mrozek’s lawsuit is one of thousands filed after the Florida Supreme Court, in Engle v. Liggett Group, Inc., 945 So.2d 1246 (Fla.2006), upheld the class action jury verdict on common issues relating to the defendants’ conduct, but decerti-fied the class for liability and damages purposes, allowing class plaintiffs to sue individually.[1]
Lorillard appeals Mrozek’s judgment, arguing that the trial court erred by (1) granting her partial summary judgment on the issue of whether she is an Engle class plaintiff; (2) instructing the jury on concurrent causes; (3) admitting purported hearsay evidence showing Ms. Miller’s state of mind and attitude about smoking decades before her death; (4) admitting evidence of general misconduct by Loril-lard not specifically directed to Ms. Miller; and (5) permitting Mrozek to rely on factual findings from the Engle class action that the Florida Supreme Court deemed to have res judicata effect in subsequent individual suits for liability and damages. Finding no error by the trial court, we affirm on all issues. We briefly discuss only one, however — the court’s determination that Mrozek is an Engle class plaintiff.
The Engle class was defined as all Florida “ ‘citizens and residents, and their survivors, who have suffered, presently suffer or who have died from diseases and medical conditions caused by their addiction to cigarettes that contain nicotine.’ ” Engle, *481 945 So.2d at 1256. The undisputed facts before the trial court when Mrozek moved for partial summary judgment were that Ms. Miller contracted and died of lung cancer caused, within a reasonable degree of medical certainty, by her two-pack-a-day cigarette smoking. Ms. Miller, a Florida resident, began smoking in the 1940s and continued smoking until her death in December 1994. She was addicted to the nicotine in the cigarettes she smoked. From these facts, the trial court determined that Ms. Miller — and thus, Mro-zek — satisfied the Engle class definition, and that there remained no disputed factual issues to send to the jury.[2]
Lorillard contends that a significant factual issue remains, precluding summary judgment as to class membership. The issue, Lorillard argues, is whether Ms. Miller’s illness and death were caused by her addiction specifically, or by her choice to continue smoking.
We disagree that choice is relevant to class membership. The class definition requires only that the smoker is/was addicted to cigarettes containing nicotine, and contracted or died from a disease caused by cigarette smoking. Whether the addicted individual kept smoking after learning of cigarettes’ deleterious health effects is a question of comparative fault, and thus, of liability to be determined at trial. Indeed, in this case, the jury found Ms. Miller 35 percent responsible for her death. As to class membership, however, the undisputed facts showed Ms. Miller was addicted to cigarettes and died of lung cancer, a disease caused by cigarette smoking. She therefore satisfied the requirements for membership in the Engle class, and the trial court correctly granted Mrozek partial summary judgment on that issue.
AFFIRMED.
DAVIS and CLARK, JJ., concur.

. For a history of the class action, see R.J. Reynolds Tobacco Co. v. Martin, 53 So.3d 1060, 1062-64 (Fla. 1st DCA 2010).

. We review the summary judgment ruling de novo. See Wingate v. Wingate, 84 So.3d 427, 429 (Fla. 1st DCA 2012).