Gross, J.
Donna Fanali, as Successor Personal Representative of the Estate of Thomas Cavalier, appeals the trial court order granting the defendants’ motion for summary judgment in a wrongful death action brought by a smoker’s survivors. We affirm because the smoker knew of his tobacco related illnesses in 1989, so he was not a member of the class certified in Engle v. Liggett Group, Inc., 945 So.2d 1246 (Fla. 2006). Fanali was therefore not a survivor of an Engle class member and her wrongful death suit, brought 15 years after the smoker’s death, was barred by the statute of limitations.
The facts crucial to this appeal are not in dispute. Cavalier was diagnosed with lung cancer and COPD in August or September 1989. At that time, he knew that these médical issues were related to smoking. On July 28, 1993, Cavalier died of COPD and coronary heart disease.[1] Fanali filed the underlying suit in this case on *1211 January 10, 2008, seeking damages under the wrongful death act and claiming that Cavalier and his survivors were members of the Engle class.
The 1989 diagnosis of lung cancer and COPD occurred before May 5, 1990, “the earliest date that a plaintiffs tobacco-related disease or condition could have manifested itself without the plaintiffs claims being barred by the applicable four-year statute of limitations.” R.J. Reynolds Tobacco Co. v. Ciccone, 190 So.3d 1028, 1042 (Fla. 2016) (Polston, J., dissenting). The defendant, R. J. Reynolds Tobacco Company, moved for summary judgment, contending that the plaintiffs claims were time-barred because Cavalier’s smoking-related lung cancer and COPD both manifested before the limitations .cut-off date applicable to class-membership.
The plaintiff responded to the summary judgment motion with the contention that the claim was not time barred because (1) Cavalier’s unasserted personal injury claim had not expired at the time of his death in July 1993, giving his survivors 2 years to bring a wrongful death claim; (2) the original Engle lawsuit was filed within the 2-year period that Cavalier’s survivors could have brought a wrongful death claim, thereby tolling the wrongful death statute of limitations; (3) as a survivor with .a wrongful death claim, plaintiff was a member of the Engle class, which included “[a]ll [Florida] citizens and residents, and their survivors, who have suffered, presently suffer or who have died from diseases and medical conditions caused by their addiction to cigarettes that contain nicotine,” Engle, 945 So.2d at 1256; and (4) plaintiff filed her 2008 action within one year of the Engle mandate, so her action was timely filed.
The circuit Court granted Reynolds’ motion for summary judgment, ruling that the defendant had demonstrated as a matter of law that it was entitled to a statute of limitations defense as to Fanali’s claims arising from lung cancer and COPD.
The determination of membership in the Engle class has always focused on the smoker, not on the survivors. Engle restricted class membership to “[a]ll [Florida] citizens and residents, and their survivors, who have suffered, presently suffer or who have died from diseases and medical conditions caused by their addiction to cigarettes that contain. nicotine.” Engle, 945 So.2d at 1256.(emphasis added). Cases permitting a smoker’s survivors to bring an Engle progeny case all involve survivors of smokers who qualified for class membership.
In Capone v. Philip Morris USA, Inc., 116 So.3d 363 (Fla. 2013), the Florida Supreme Court addressed whether an Engle smoker’s case must be dismissed when the smoker dies, The court held that the smoker’s survivor was -not required to bring a separate wrongful death action. Id. at 376-77. Instead,
upon the death of a party plaintiff in a personal injury action, the personal representative of the decedent’s estate may be added to the pending action as a party and, thereafter, shall have a reasonable opportunity to file an amended pleading that alleges new or amended claims and causes of action.
Id. at 377-78.
Similarly, in Bishop ex rel. Estate of Ramsay v. R.J. Reynolds Tobacco Co., 96 So.3d 464 (Fla. 5th DCA 2012), a smoker’s survivor was permitted to bring an action on behalf of the smoker’s estate, based on the smoker’s class membership. See also Rearick v. R.J. Reynolds Tobacco Co., 68 So.3d 944 (Fla. 3d DCA 2011) (holding the smoker was not an Engle class member and affirming dismissal of wrongful death action brought by the smoker’s survivors). Notably, Engle affirmed the reversal of a damages award for class representative Amodeo because his claims were barred by *1212 the statute of limitations. 945 So.2d at 1276, citing to Liggett Group Inc. v. Engle, 853 So.2d 434, 453 n.23 (Fla. 3d DCA 2003).
Cases discussing class membership turn on when the smoker’s nicotine-related illness manifested. The “ ‘critical event’ in establishing membership in the Engle class ... ‘is not when an illness was actually diagnosed by a physician, but when the disease or condition first manifested itself.’” R.J. Reynolds Tobacco Co. v. Ciccone, 190 So.3d at 1030 (quoting Engle, 945 So.2d at 1276). The supreme court concluded “that ‘manifestation’ for purposes of establishing membership in the Engle class means the point at which the plaintiff began suffering from or experiencing symptoms of a tobacco-related disease or medical condition.” Id.
As appellee asserts in its brief, “nothing in Engle supports the argument that the word ‘survivor’ in the class definition included wrongful death beneficiaries of smokers who were not members of the Engle class.” The original Engle lawsuit did not plead a wrongful death theory of recovery. The term “survivors” in the class definition is best interpreted as including survivors of addicted smokers who were Engle class members. No case establishes that a smoker’s survivor can be a class member even where the smoker could not. It is undisputed that Cavalier was not an Engle class member; therefore his survivors were not class members and could not rely on Engle to toll the statute of limitations for their wrongful death claim. We affirm the order of the circuit court.
We affirm the issues raised on the cross-appeal without discussion.
Conner and Kuntz, JJ., concur.

. The claims based on coronary artery disease proceeded to trial and resulted in a defense verdict.