# Third District Court of Appeal

## State of Florida

Opinion filed January 31, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1649
Lower Tribunal No. 08-1460
_____

## Philip Morris USA Inc., et al.,
Appellants,

vs.

## The Estate of Roberta Eisen, etc.,
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Reemberto Diaz, Judge.

Shook, Hardy & Bacon L.L.P., and Scott A. Chesin, Michael Rayfield (New York, N.Y.), and Melissa N. Madsen; Arnold & Porter Kaye Scholer LLP, and Geoffrey J. Michael, and Frank Cruz-Alvarez (Washington, DC), for appellant Philip Morris USA Inc.; King & Spalding, L.L.P., and Drew T. Bell (Austin, TX), William L. Durham II, and Philip R. Green (Atlanta, GA), for appellant R.J. Reynolds Tobacco Co.

Eaton & Wolk, PL, and Douglas F. Eaton, for appellee.

Before SCALES, GORDO and BOKOR, JJ.

PER CURIAM.

Affirmed. See Chacon v. Philip Morris USA, Inc., 254 So. 3d 1172, 1178 (Fla. 3d DCA 2018) ("Being a 'resident' for Engle class membership purposes has a different meaning from 'legal resident' or 'domicile' – terms that typically arise out of a statutory context – and we decline to equate the two terms. We conclude that the trial court properly instructed the jury regarding the distinction between 'resident' and 'citizen,' and affirm . . . ."); see also Nolan v. Kalbfleisch, 369 So. 3d 346, 347-48 (Fla. 5th DCA 2023) (concluding the trial court did not abuse its discretion in denying a motion for new trial based on an expert witness's isolated remarks that the court promptly instructed the jury to disregard, observing that "[a] witness's comment warrants a mistrial only when it is prejudicial enough 'to vitiate the entire trial.'" (quoting Hamilton v. State, 703 So. 2d 1038, 1041 (Fla. 1997))); Philip Morris USA, Inc. v. Cuculino, 165 So. 3d 36, 39 (Fla. 3d DCA 2015) ("Contrary to Philip Morris's assertion, the verdict reflects that the jury was not inflamed or highly prejudiced by the improper comments because the jury did not completely find in favor of Mr. Cuculino. . . . [T]he jury found in favor of Philip Morris on Mr. Cuculino's intentional tort claims, thereby precluding the jury from reaching the issue of punitive damages, which is

2

often substantially more than compensatory damages in <u>Engle</u>-progeny cases.").