**In re BRAND NAME PRESCRIPTION DRUGS ANTITRUST LITIGATION.**

Nos. 96–2233, 96–2459, 96–2460, 96–2483, 96-2484, 96-2486, 96-2813, 96-2878 and 96-2904.

United States Court of Appeals, Seventh Circuit.

Submitted May 8, 1997.

Decided May 30, 1997.

As Amended July 17, 1997.

As Amended on Denial of Rehearing and Suggestion for Rehearing En Banc July 31, 1997.

Mart Vehik, McMath Law Firm, P.A., Little Rock, AR, David Price, Woodward & Epley, Magnolia, AR, Bryan Hosto, Hosto Law Firm, Little Rock, AR (submitted), for Plaintiff-Appellant Lawrence Adams dba McSpadden Drug Store, Boyce Arnett dba Medical Center Pharmacy, City Pharmacy Little Rock, Rosedale Pharmacy Incorporated, Park West Pharmacy, Incorporated.

Joel G. Chefitz (submitted), Katten, Muchin & Zavis, Chicago, IL, for Defendant-Appellee American Home Products Corporation, American Cyanamid Company in No. 96-2813.

Joel G. Chefitz, Katten, Muchin & Zavis, Chicago, IL, Thomas P. Sullivan, Richard T. Franch, Jenner & Block, Chicago, IL, Stephen S. Madsen, Douglas D. Broadwater, Cravath, Swaine & Moore (submitted), New York City, for Defendants-Appellees American Home Products Corporation, Bristol-Meyer Company in Nos. 96-2878, 96-2904.

Before POSNER, Chief Judge, and BAUER and DIANE P. WOOD, Circuit Judges.

POSNER, Chief Judge.

Pending in the district court is an antitrust class action on behalf of pharmacies all over the United States against twenty-four manufacturers, and seven wholesalers, of pharmaceuticals. The class was certified under Fed. R.Civ.P. 23(b)(3). A number of class members opted out of the class action and brought their own suits against the manufacturers, but did not name the wholesalers as defendants. The district judge granted summary judgment for the wholesaler defendants in the class action and entered a final, appealable judgment in their favor under Fed.R.Civ.P. 54(b), precipitating appeals by some of the opt-out plaintiffs and also by some of the class members who are not named plaintiffs in the class action. The wholesalers ask us to dismiss these appeals on the ground that the appellants, not being parties to the class action, have no right to appeal from a judgment entered in it.

■ We begin with the opt-outs. Having opted out of the class action, they were no longer members of the class and so in no sense were parties. A nonparty has no right to appeal. *Marino v. Ortiz,* 484 U.S. 301, 304, 108 S.Ct. 586, 587–88, 98 L.Ed.2d 629 (1988) (per curiam). If he wants to have that right, he should intervene in the district court, *id.,* since an intervenor has the rights of a party (*is* a party), including the right to appeal. If the district court denies the motion to intervene, the disappointed movant can appeal that denial.

Now it is true that the opt-outs were permitted to participate in the pretrial proceedings in the class action by attending depositions, responding to requests for discovery, and answering the wholesalers' motion for summary judgment. But their participation was authorized in a pretrial order that expressly denied that these participants were to be deemed parties; the purpose of allowing their participation was merely to facilitate the coordination of the opt-outs' parallel suits with the class action. (We have not been informed why the Multidistrict Litigation Panel did not consolidate the pretrial proceedings in the parallel suits with the pretrial proceedings in the class action.) The opt-outs argue that the judgment in favor of the wholesalers will affect them even though they have not sued the wholesalers. It will not have a preclusive effect on them, because they are neither parties, nor in privity with any parties, to the class action. Maybe it will affect their interests enough in some other way to permit them to intervene in the class action—we cannot tell on the record before us. Although it would be peculiar for an opt-out to seek to opt back in, this is occasionally sought and allowed. E.g., *In re Electric Weld Steel Tubing Antitrust Litigation,* 1982–2 Trade Cases (CCH) para. 64872 (E.D.Pa.1982); 3 Herbert B. Newberg & Alba Conte, *Newberg on Class Actions* § 16.18, p. 16–99 (3d ed.1992).

■ But a request for intervention must be addressed to the district court. Although some cases have allowed nonparties to appeal without first intervening in the district court, this bypass is no longer permissible after *Marino.* See also *SEC v. Wozniak,* 33 F.3d 13 (7th Cir.1994). The present case shows the wisdom of this approach. Here we have some 163 claimants who having exercised their right to exit from the case in the district court now wish to come charging back in on appeal. We would be facing a veritable avalanche of appeals if all opt-outs could appeal from any appealable judgment in the action.

■ So much for the opt-outs; as for the class members (some 90 in number) who want to appeal even though they are not named plaintiffs, to allow them to appeal would be an even worse affront to intelligent judicial administration because it would fragment the control of the class action. Such economies of litigation as the class action confers are due in large part to its enabling a large number of individual claims to be treated, at least for liability purposes, as if they were a single claim. If the certified class representative does not adequately represent the interests of some of the class members, those class members can opt out of the class action, can seek the creation of a separately

458

represented subclass, can ask for the replacement of the class representative, or can intervene of right and become named plaintiffs themselves, or even class representatives, represented by their own lawyer. Fed. R.Civ.P. 23(c)(2) (opting out); Fed.R.Civ.P. 23(c)(4) (subdivision of class into subclasses); *In re Joint Eastern & Southern District Asbestos Litigation*, 982 F.2d 721, 739–40 (2d Cir.1992), modified on rehearing, 993 F.2d 7 (2d Cir.1993) (same); Fed.R.Civ.P. 24(a)(2) (intervention by unnamed class member who becomes class representative); *Roe v. Town of Highland*, 909 F.2d 1097 (7th Cir.1990) (same); *Gottlieb v. Wiles*, 11 F.3d 1004, 1008 (10th Cir.1993) (same); *Guthrie v. Evans*, 815 F.2d 626, 628 (11th Cir.1987) (same); 7B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1799, p.449 (2d ed.1986) (intervention without becoming class representative); *First Interstate Bank of Nevada, N.A. v. Chapman & Cutler*, 837 F.2d 775, 776 (7th Cir.1988) (substitution of class representative). Any such adjustment is made by the district court, and the structure of the action remains clear. If class members can file their own appeals, the coherence of the class is destroyed, the scope of the class action becomes unclear, and the control over the action becomes divided and confused. So they may not appeal. *In re VMS Limited Partnership Securities Litigation*, 976 F.2d 362 (7th Cir.1992). Any contrary implication of *Research Corp. v. Asgrow Seed Co.*, 425 F.2d 1059 (7th Cir.1970), can no longer be considered authoritative, in light of VMS. See also *Gottlieb v. Wiles, supra*, 11 F.3d at 1007–12; *Shults v. Champion*, 35 F.3d 1056 (6th Cir.1994); *Guthrie v. Evans, supra*. Class members who don't want to opt out or create a subclass can move to intervene (if they want, for the limited purpose of being able to appeal) and if their motion is denied they can appeal from that denial just like the opt-outs.

The motion to dismiss the appeals is granted, and the appeals are

DISMISSED.