## In re VITAMINS ANTITRUST LITIGATION.

### Domain, Inc.

v.

### Hoffman–LaRoche, Inc., et al.

**Misc. No. 99–0197(TFH).**
**MDL No. 1285.**

United States District Court,
District of Columbia.

July 18, 2003.

## MEMORANDUM OPINION

### Re: *Domain's Motion For Leave To File Amended Complaint*

HOGAN, Chief Judge.

Pending before the Court is plaintiff Domain, Inc.'s ("Domain") Motion for Leave to File Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a). Defendants ConAgra Inc. ("ConAgra") and DuCoa, L.P. ("DuCoa") oppose this motion.[1] Upon careful consideration of the plaintiff's motion, defendants' oppositions, and plaintiff's reply, the Court will grant plaintiff's motion.

## BACKGROUND

In March 1999, Domain filed its Original Class Complaint ("Original Complaint") in the District of Minnesota alleging a conspiracy "to allocate customers and sales volumes and to fix, raise, maintain, and stabilize the price" of vitamins. Pl. Orig. Compl. at 2. Shortly thereafter, on June 7, 1999, the Original Complaint was transferred to Multidistrict Litigation (MDL) No. 1285 in this Court. On August 3, 1999, Domain and others filed a Consolidated (Choline Chloride) Class Action in Washington, D.C. This was amended by the filing of the Second Consolidated (Choline Chloride) Class Action Complaint filed in November 1999. Another similar class action focusing on vitamins was filed by Domain and others on September 28, 1999 also in this Court in Washington, D.C. That

---

1. Originally, three separate oppositions were filed by (1) Sumitomo Chemical Company, Ltd., and Sumitomo Chemical; (2) UCB S.A., UCB Inc., and UCB Chemicals Corporation; and (3) "Certain Defendants"(of which only ConAgra Inc., DuCoa, L.P. remain). The Court has been informed that Domain has settled with most of the filing defendants. Domain specifically withdrew its motion with respect to many of the proposed defendants and deleted them from the Amended Complaint. *See* Domain Inc.'s Partial Withdrawal of Motion for Leave to File Amended Complaint, filed Oct. 20, 2002; Domain Inc.'s Second Partial Withdrawal of Motion for Leave to File Amended Complaint to Conform Complaint to Recent Settlements, filed Jan. 10, 2003. No formal papers have been filed by Domain with respect to the UCB entities, however, the settlement is reflected in the most recent status updates provided to the Court at the May 27, 2003 status conference.

complaint was entitled the First Amended (Vitamins) Class Action. Domain was listed as a named plaintiff in these three class action complaints. Subsequently, in November 2000, the choline chloride class moved to file a Third Amended Consolidated (Choline Chloride) Class Action Complaint which did not list Domain as a named plaintiff. The Court granted that motion to amend in January 2001. Despite being a named plaintiff at least until January 2001 with the filing of the Third Amended Consolidated (Choline Chloride) Class Action Complaint, Domain opted out of various settlement classes including the BASF choline settlement class (February 2000), the Akzo settlement class (May 2001), and the UCB Chemicals Corporation settlement class (September 2001).

## DISCUSSION

On July 22, 2002 Domain filed the instant motion for leave to amend pursuant to Fed. R.Civ.P. 15(a) in order to "restate[ ] its prior complaints in a single document and drop[ ] the class allegation of the prior complaints." Pl. Mot. at 1. Domain references and relies on four complaints which it calls the "Domain Complaints." These are the Original Complaint, the Vitamins Class Complaint, and the First and Second Consolidated Choline Chloride Class Complaints. In addition to dropping the class allegation, Domain seeks to add defendant ConAgra which plaintiff claims was "previously named as [a] defendant either in the Domain complaints or in the MDL action." [2] *Id.* at 2. Domain argues that since each defendant has participated in the coordinated discovery as required in this MDL and because it is not "introducing new parties or new claims to this litigation," that amendment will not prejudice the defendants. *Id.* at 4–5. Moreover, Domain argues that leave should be granted as it could file an independent antitrust action against each defendant in state or federal court.

ConAgra and DuCoa oppose the motion arguing that Domain cannot amend a complaint to which it is no longer a party and that the motion should be denied for undue delay and prejudice. Specifically, defendants

argue that Domain's Proposed Amended Complaint bears little resemblance to its Original Complaint and that "to avoid having to convince this Court that its Proposed Amended Complaint will not prejudice defendants, Domain claims to be merely 're-stat[ing] . . . its prior *complaints*' in MDL No. 1285." Certain Defs. Opp. at 3 (citing Pl. Mot at 1) (emphasis added). Defendants argue that the only operative complaint to which Domain *could* seek amendment would be its Original Complaint filed in 1999 naming only nine defendants and not the subsequent Consolidated Class Action Complaints filed in the MDL. Defendants argue that Domain has opted out of the Vitamins and Choline Chloride Class Action Complaints and is therefore, no longer a party to the complaint and may not amend the Class Complaint. *See, e.g., In re Brand Name Prescription Drugs Litig.,* 115 F.3d 456, 457 (7th Cir.1997); *Am. Pipe and Constr. Co.* 414 U.S. 538, 549, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974). Thus, defendants argue that because the Original Complaint was filed in 1999 and because Domain has never filed an opt out complaint, that Domain has unduly delayed bringing the motion to amend. Certain Defs. Opp. at 3.

This lengthy delay, defendants argue, has pushed this Court's deadline too far despite the fact that the Court has been extremely liberal in granting motions of other plaintiffs to add parties to their complaints. Defendants argue that Domain waited years to move to amend—until after the close of fact discovery and just prior to the deadline for the filing of dispositive motions—although Domain was aware of the need to amend much earlier. *Id.* at 4–6. Defendants claim that allowing amendment will be burdensome at this stage of the litigation by forcing defendants to review Domain's discovery which to date they have not been required to review.

The Court is not persuaded by these arguments. Rule 15(a) of the Federal Rules provides that leave to amend a pleading "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). Leave to amend should

---

2. DuCoa L.P. was previously listed in Domain's Original Complaint in 1999 and the subsequent consolidated class complaints for vitamins and choline chloride.

be granted in "the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). Further, while it is "clear that undue delay is a sufficient reason for denying leave to amend .... [c]onsideration of whether delay is undue, however, should generally take into account the actions of the other parties and the possibility of any resulting prejudice." *Atchinson v. District of Columbia,* 73 F.3d 418, 426 (D.C.Cir.1996) (citing *Foman,* 371 U.S. at 182, 83 S.Ct. 227; *Doe v. McMillan,* 566 F.2d 713, 720 (D.C.Cir.1977); *Sinclair v. Kleindienst,* 645 F.2d 1080, 1085 (D.C.Cir. 1981)). In turn, in order to show prejudice the opposing party In turn, to show prejudice sufficient to justify a denial of leave to amend the "opposing party 'must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments been timely.'" *Dooley v. United Technologies Corp.,* 152 F.R.D. 419, 425 (D.D.C.1993) (citing *Foremost-McKesson Inc. v. Islamic Republic of Iran,* 759 F.Supp. 855, 858 (D.D.C.1991) (quoting *Heyl & Patterson Int'l v. F.D. Rich Housing,* 663 F.2d 419, 426 (3rd Cir.1981)).

Domain may have been able to bring this motion sooner, however, Domain's undue delay must be considered in light of the resulting prejudice to the defendants. *See Atchinson,* 73 F.3d at 426. The Court does not find that the defendants will be prejudiced by allowing amendment. All parties to this MDL have participated as required in the coordinated pretrial proceedings—including discovery—before this Court. DuCoa was named in Domain's Original Complaint in 1999 and, therefore, was well aware of Do-

main's claims against it. ConAgra, while not named in Domain's Original Complaint, has been participating as a defendant in this MDL and has defended against similar claims filed by other plaintiffs.

Also, Domain has fully complied with the coordinated discovery in this MDL as it has produced all documents requested by defendants, answered interrogatories and produced for deposition all witnesses requested by defendants. In addition, Domain's damages are the subject of expert testimony by plaintiffs and defendants. Further, it does not appear that either DuCoa or ConAgra will require any additional discovery from Domain.[3] In fact defendants have not argued as such, but instead claim that it would be burdensome to review that which has already been provided by Domain. The Court does not find that ConAgra's or DuCoa's need to review additional discovery is sufficiently burdensome so as to rise to the level of prejudice which would warrant denial of Domain's motion for leave to amend.

The Court acknowledges that the motion for leave to amend was filed very late in the pretrial proceedings, however, it does not find prejudice to the defendants resulting from Domain's delay as all parties have participated in the MDL proceedings including coordinated discovery. Thus, they Court will not deny the motion on the basis of undue delay or prejudice.

Neither is the Court persuaded by defendants' argument that "Domain cannot amend a complaint to which it is no longer a party." Defendants cite two cases to support the proposition that class members who opt out are no longer parties to the litigation. (Certain Defs. Opp. at 3). (citing *In re Brand Name Prescription Drugs Litig.,* 115 F.3d at 457; *Am. Pipe and Constr. Co.,* 414 U.S. at 549, 94 S.Ct. 756.) Neither is helpful to defendants' cause.[4] In this case, it has not been made completely clear to the Court what Domain's status was at what point in

---

3. The Court acknowledges that ConAgra is a newly proposed defendant as to the Domain Complaint even though it has similar claims against it by other plaintiffs. To the extent that ConAgra should need to serve additional, non-duplicative discovery as a result of this amendment, it will be afforded the opportunity to do so.

4. *In re Brand Name Prescription Drugs Litig.* involved a judgment for defendants in an antitrust action where the unnamed plaintiffs and certain opt-out plaintiffs appealed the judgment. Defendants in that case moved to dismiss the appeal, the Seventh Circuit held that opt-out plaintiffs were no longer parties to the class action and thus could not appeal. *Am. Pipe* involved the

time with respect to each of the Consolidated Class Actions filed in this Court. The Court need not resolve this issue in determining whether granting leave to amend is warranted. In this case the Court does not find prejudice to the defendants from Domain's delay in bringing the motion no matter which complaint is being amended. The proposed amended complaint does not raise new. Moreover, as stated above, this MDL is still in the coordinated pretrial phase and the numerous plaintiffs and defendants have, as ordered, coordinated and consolidated discovery. Discovery has been thoroughly litigated and detailed. Nonetheless, parties have, for the most part, efficiently facilitated the development of the MDL as it moves toward trial and/or remand. DuCoa and ConAgra have both participated in this process and therefore the Court finds no prejudice as to these defendants in allowing Domain's proposed amendment even at this late stage of the pretrial proceedings.

## CONCLUSION

Having found no undue delay or prejudice to the defendants resulting therefrom, the Court finds that it is in the interests of justice for Domain to be granted leave to file its proposed amended complaint. For the reasons stated above, therefore, Domain's Motion for Leave to File Amended Complaint is granted. An appropriate Order will accompany this Memorandum Opinion.

## *ORDER*

### *Re: Domain's Motion For Leave To File Amended Complaint*

Pending before the Court is plaintiff Domain, Inc.'s ("Domain") Motion for Leave to File Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a). For the reasons stated in the accompanying Memorandum Opinion, it is hereby

**ORDERED** that Domain's Motion is **GRANTED**.

**SO ORDERED.**

tolling of the statute of limitations for a Sherman Act claim where a class action had been denied.