BENTON, J.
As personal representative of the estate of Lennette Gaff, as surviving spouse of Lennette Gaff, and on behalf of Ms. Gaffs surviving child, Wilmer Gaff asks us to overturn summary final judgment entered against him on grounds the statute of limitations bars wrongful death claims against R.J. Reynolds Tobacco Company, Philip Morris USA, Inc., Lorillard Tobacco Company, Lorillard, Inc., Liggett Group, LLC, and Vector Group, Inc. (Tobacco Defendants) on account of Ms. Gaffs death in 1995. We affirm.
As personal representative of Lennette’s estate, Mr. Gaff filed a notice to .opt out of the Engle class action litigation in 1997.[1] *1144 See Engle v. Liggett Group, Inc., 945 So.2d 1246 (Fla.2006). His arguments that this 1997 opt-out notice was “superseded” or rendered nugatory by the decision in Engle v. Liggett Group, Inc., 945 So.2d 1246 (Fla.2006); that the notice to opt out was not effective because the Engle trial court never entered an order acknowledging the notice; that -the notice was ineffective because Mr. Gaff had, not been formally appointed as personal representative at the time notice was filed; and that Mr. Gaff lacked authority as personal representative to “opt out the individual survivors’ claims” are unavailing. We reject each of them on the authority of today’s decision in Roughton v. R.J. Reynolds Tobacco Company, No. 1D12-2848, 129 So.3d 1145, 2013 WL 6865402 (Fla. 1st DCA Dec.31, 2013). When Mr. Gaff filed the statement opting out, the estate ceased to be a party to the Engle class action. See id. See also In re Brand Name Prescription Drugs Antitrust Litig., 115 F.3d 456, 457 (7th Cir.1997) (“Having opted out of the class action, they were no longer members of the class and so in no sense were parties.”).
A non-party must secure a court order to (re)join an action, once the deadline to amend pleadings as a matter of course has passed. See Fla. R. Civ. P. 1.250(c). Mr. Gaff acknowledges that the trial court never ruled on his motion seeking readmission to the class and has not appealed any putative denial of the motion.[2] We reject his assertion that a motion seeking readmission to the Engle class filed June 28, 1999, almost one year after the trial proceedings began,[3] should be deemed implicitly granted because the En-gle trial court had (explicitly) granted other motions for readmission as late as May of 1999.[4]
Merely filing a motion to rejoin the class, like merely filing a motion to intervene, does not confer party status on the movant. See Bondi v. Tucker, 93 So.3d 1106, 1111 (Fla. 1st DCA 2012) (“Even a party able to intervene as a matter of right must obtain a court order allowing intervention. An order allowing intervention, albeit of the Attorney General, is no mere formality. A court has discretion in imposing any conditions on the intervenor necessary to preserve the original parties’ rights, inasmuch as ‘the rights of an inter-venor are subordinate to the rights of the parties.’ ” (citations omitted)); Fla. R. Civ. P. 1.230, Authors’ Comment-1967 (“[T]he court has full control over intervention, including the extent thereof; although intervention under the rule is classified as of right, there must be an application made to the court, and the court in its discretion, considering the time of application as well as other factors, may deny the intervention or allow it upon conditions.”). See also *1145 John G. Grubbs, Inc. v. Suncoast Excavating, Inc., 594 So.2d 346, 347 (Fla. 5th DCA 1992).
For purposes of decision, we assume the filing of the Engle class action complaint tolled the running of the statute of limitations as to all potential members of the class, including Ms. Gaff and her personal representative. See Crown, Cork & Seal Co., Inc. v. Parker, 462 U.S. 345, 350-51, 103 S.Ct. 2392, 76 L.Ed.2d 628 (1983); Am. Pipe & Constr. Co. v. Utah, 414 U.S. 538, 554-55, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974); Browning v. Angelfish Swim Sch., Inc., 1 So.3d 355, 362 n. 12 (Fla. 3d DCA 2009) (Shepherd, J., concurring in part and dissenting in part) (noting “the statute of limitations typically is tolled for asserted class members who later file actions of their own from the time a class complaint is filed to the time certification is denied”). The pleadings in the present case allege Ms. Gaff was diagnosed with lung cancer in March of 1995 and succumbed to the disease later in the year. The limitations period began to run (again, if not for the first time), however, when Mr. Gaff filed his statement opting out of the class. See, e.g., Tosti v. City of Los Angeles, 754 F.2d 1485, 1489 (9th Cir.1985) (noting that Tosti had three and a half months in which to file her lawsuit, before the statute of limitations was tolled by the filing of a class action, and that the statute began to run anew on the day Tosti opted out of the class action).
As we said in Roughton: “Once the statute of limitations ran on a former class member’s individual claim, the claim was forever barred. See, e.g., Wood v. Eli Lilly & Co., 701 So.2d 344, 346 (Fla.1997) (‘[T]his Court has held that once a claim is extinguished by the statute of limitations, it cannot be revived as a result of a subsequent court decision. In re Estate of Smith, 685 So.2d 1206, 1210 (Fla.[1997])’).” Roughton, 129 So.3d at 1150. The learned trial judge properly entered summary judgment on Mr. Gaffs complaint, which was filed in 2007, ten years after he had filed the statement opting out of the Engle class action and twelve years after his wife died. By that time, the limitations period had long since run.
Affirmed.
VAN NORTWICK and PADOVANO, JJ., concur.

. The "opt-out" statement, filed July 11, 1997, reads as follows:
THE UNDERSIGNED, Wilmer "Perry” Gaff as Personal Representative of the Estate of Lennette Gaff ... requests to be excluded from the class of Plaintiffs in this action, as permitted by notice of the court to class members dated November 21, 1996.
DATED: 7/1/97 Wilmer Perry Gaff WILMER "PERRY” GAFF AS PERSONAL REPRESENTATIVE OF THE ESTATE OF LENNETTE GAFF

. See Carratelli v. State, 832 So.2d 850, 856 (Fla. 4th DCA 2002) ("A plethora of Florida cases support the notion that a party must obtain a ruling from the trial court in order to preserve an issue for appellate review.”).

. The procedural history of the Engle class action litigation is set out in pertinent part in Roughton v. R.J. Reynolds Tobacco Company, No. 1D12-2848, 129 So.3d 1145, 2013 WL 6865402 (Fla. 1st DCA Dec.31, 2013).

. The Engle trial court orders granting motions for readmission to the class do not support the conclusion that the Engle trial court adopted the position that all motions for readmission would be granted. The motion seeking Mr. Gaff's readmission requested, moreover, that the court permit him to rejoin the class action "as it relates to liability only.” The May 11, 1999 order granting readmission for other class members who had previously opted out (relied on by Mr. Gaff), ordered that the petitioners would "be subject to the same conditions that attend the ENGLE CLASS ACTION LAWSUIT.”